UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREHANA CLEMMONS, | Case No. 2:25-cv-1438-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| MICHELLE CALLEJAR, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against fourteen employees of the Department of Family and Adult Services, purporting to allege claims under federal statutes and treaties. The complaint's allegations are frivolous and fail to state a claim. I recommend that plaintiff's complaint be dismissed without leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint's allegations are unintelligible. The allegations state in entirety:

> I am Earth side creator of my offspring. My God inalienable rights have been usurped by the defendants allowed use of perjury reports which assassinates my character. I was coerced into contracting with the defendants for false narratives that got disguised by abuse and neglect in exchange for bonds to be created in which I am beneficiary of. Defendants also did not report the taxes on the cases 241887, 241259, 241260, 241261, 241262, 241263, 241264 to the IRS.

ECF No. 1 at 6. Plaintiff further alleges that the amount in controversy is "$400,000,000,000 in Troy gold," and that his claims arise under Treaty of Dancing Rabbit Creek, the Iroquois Constitution, Public Law 97-280, the Peace and Friendship Treaty, the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments, and various federal criminal and civil statutes. *Id.* at 5-6.

The complaint fails to state a claim; it does not specify how the above authorities support plaintiff's allegations or explain how defendants engaged in wrongful actions. A complaint must identify each of the defendant's actions that support a plaintiff's claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). The complaint does not, as Rule 8 requires, put any defendant on notice of the specific claims against them. For example, plaintiff fails to articulate how Public Law 92-280 creates a cause of action against any defendant. *See Lizalek v. Invivo Corp.*, No. 06-C-1109, 2008 WL 11452043, at *4 (E.D. Wis. Sept. 18, 2008), *aff'd*, 314 F. App'x 881 (7th Cir. 2009) (dismissing the plaintiff's claim under Public Law 97-280 because it "does nothing more than designate 1983 as a national 'Year of the Bible.'"). Or how defendants violated the Peace and Friendship Treaty. *See Bey v. Linder*, No. 2:19-cv-1745-TLN-DB (PS), 2020 WL 5110357 (E.D. Cal. Aug. 31, 2020) (noting that claims based on the violation of the Treaty of Peace and Friendship have repeatedly been found to be frivolous); *see also Ingram El v. Crail*, No. 2:18-cv-1976-MCE-EFB (PS), 2019 WL 3860192, at *3 (E.D. Cal. Aug. 16, 2019).

Apart from plaintiff's failure to state a claim, his complaint is frivolous in that it lacks even "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (holding that a complaint is frivolous if its "factual contentions are clearly baseless," "fantastic," or "delusional"). The complaint should therefore be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 30, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE